UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TYRONDA CHRISTIAN,

    Plaintiff,

vs.

PRIME RECOVERY, LLC;
ANTHONY LA GAMBINA, JR.;
JOSEPH ANTHONY BISH; ANTHONY
J. BISH; DIVERSE FUNDING
ASSOCIATES, LLC.

    Defendants.
_____

Case No. 1:20-cv-00566

HON. Paul L. Maloney
United States District Judge

## DEFENDANTS PRIME RECOVERY, LLC'S AND ANTHONY LA GAMBINA, JR'S MOTION TO COMPEL DISCOVERY,

### AND

### BRIEF IN SUPPORT

Now come Defendants, Prime Recovery, LLC and Anthony La Gambina (collectively "Defendant Prime Recovery"), pursuant to Fed. R. Civ. P. 33, 34, 37, and W.D. Mich. LCivR. 7.1, and in support of this Motion for the entry of an order compelling Plaintiff's complete and non-evasive responses to Defendant Prime Recovery's Interrogatories and Requests for Production of Documents previously served, and ignored, state:

    1.    Plaintiff, Tyronda Christian ("Plaintiff Christian") filed this action June 22, 2020, claiming to be an aggrieved debtor under one or more of several cited statutory claims, to wit: the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. §1692 et seq.; the Driver's Privacy Protection Act of 1994 ("DPPA"), 18 U.S.C. § 2721 et seq.; the Michigan Regulation of Collection Practices Act ("MRCPA"), M.C.L. § 445.251 et seq.; and the Michigan Occupational Code ("MOC"), M.C.L. § 339.901 et seq. (ECF No. 1, PageID.1).

2. Defendant, Prime Recovery, LLC, is a licensed consumer debt collection agency; Defendant, Anthony La Gambina, is an owner of Prime Recovery (collectively "Defendant Prime Recovery").

3. On August 5, 2020, Defendant Prime Recovery filed its Answer which denied Plaintiff' Christian's allegations of liability and which further pleaded affirmative defenses. (ECF No.16, PageID.111-148).

4. A Case Management Order was entered September 4, 2020, which provides, *inter alia*, for completion of discovery by March 5, 2021, ADR by March 31, 2021, and dispositive motions by April 30, 2021.

5. Plaintiff Christian essentially complains that in "May and June of 2020" Defendant Prime Recovery allegedly made "*multiple calls to Ms. Christian's brother's cellular telephone*" and "*multiple threatening messages on voice mail in efforts to collect the alleged debt from Ms. Christian.*" (ECF No. 19, Page.ID190-191, Joint Statement, Statement of Plaintiff).

6. On January 4, 2021, Plaintiff Christian was served with Defendant, Prime Recovery, LLC's Interrogatories, Defendant, Prime Recovery, LLC's First Request for Production of Documents, and Defendant, Anthony La

|   |   |
|---|---|
|   | Gambina, Jr.'s First Request for Production of Documents. Fed. R. Civ. P. 33, 34. **(Exhibit 1**- Interrogatories to Plaintiff with Proof of Service; **Exhibit 2**- Defendant Prime Recovery's Requests for Production of Documents to Plaintiff with Proof of Service; **Exhibit 3**- Defendant Anthony La Gambina's Requests for Production of Documents to Plaintiff with Proof of Service). |
| 7. | Plaintiff Christian's complete and non-evasive answers to Defendant Prime Recovery's Interrogatories and her written responses to Defendants' Requests for Production, or any objections, were due on or before February 3, 2021. Fec. R. Civ. P. 33(b)(2), 34(b)(2)(A)-(E). |
| 8. | Plaintiff Christian has ignored Defendant Prime Recovery's discovery demands, and the court rules which procedurally govern the process. |
| 9. | Any objections are waived. |
| 10. | In accordance with Fec. R. Civ. P. 37(a)(1), W.D. Mich. LCivR. 7.1, Defendant Prime Recovery, through counsel, sent a letter to Plaintiff Christian, through counsel, regarding the overdue responses, and no reply has been received. (**Exhibit 4-** February 4, 2021, letter to plaintiff's counsel with electronic mail). |
| 11. | Defendant Prime Recovery has incurred substantial costs and fees in defending against Plaintiff Christian's disputed claims and in attempting to engage in discovery of evidence to narrow the issues, to evaluate the claims and defenses regarding potential dispositive motions, to prepare for trial, and/or for meaningful participation in alternative dispute resolution |

proceedings ordered by the Court; now, Defendants have incurred additional fees and costs arising directly from Plaintiff Christian's failure or refusal to respond to discovery, necessitating this motion for relief. Fec. R. Civ. P. 37(d)(1)(A)(ii).

12.  In support of this motion, Defendant Prime Recovery relies upon all pleadings of record, its Brief in Support along with any exhibits attached thereto, and all further information and argument to be presented before this Court on the issues presented.

WHEREFORE, Defendants, Prime Recovery, LLC and Anthony La Gambina, move this Honorable Court for the entry of an Order which compels Plaintiff, Tyronda Christian, to immediately serve complete and non-evasive discovery responses and disclosures; which awards Defendant Prime Recovery's fees and costs associated with these proceedings; and which ultimately grants to Defendants any further relief to which they are found entitled in the event of Plaintiff's continuing failure or refusal to abide court rules governing discovery or this Court's Orders compelling discovery, including one or more of the sanctions permitted under Fec. R. Civ. P. 37(b)(2)(A)(i)-(vii),

                                            Respectfully Submitted,

Dated: February 11, 2021                /s/ John M. Karafa
                                                  Gravis Law, PLLC, by,
                                                  John M. Karafa
                                                  Attorney for Defendants Prime Recovery
                                                  and Anthony La Gambina

## **BRIEF IN SUPPORT**

### A. Procedural History

Plaintiff Christian initiated this action on June 22, 2020. (ECF No. 1). Plaintiff's complaint presented claims under Count 1, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.; Count 2, the Driver's Privacy Protection Act of 1994 ("DPPA"), 18 U.S.C. § 2721 et seq.; the Michigan Regulation of Collection Practices Act ("MRCPA"), M.C.L. § 445.251 et seq.; and the Michigan Occupational Code ("MOC"), M.C.L. § 339.901 et seq. (ECF No. 1, PageID.1).

In an effort to discover any evidence relating to Plaintiff Christian's disputed allegations, on January 4, 2021, Defendant Prime Recovery served on Plaintiff Christian the following discovery demands: (1) Defendant, Prime Recovery, LLC's Interrogatories, (2) Defendant, Prime Recovery, LLC's First Request for Production of Documents; and, (3) Defendant, Anthony La Gambina, Jr.'s First Request for Production of Documents. **(Exhibit 1**- Interrogatories to Plaintiff with Proof of Service; **Exhibit 2**- Defendant Prime Recovery's Requests for Production of Documents to Plaintiff with Proof of Service; **Exhibit 3**- Defendant Anthony La Gambina's Requests for Production of Documents to Plaintiff with Proof of Service).

Plaintiff Christian's non-evasive and complete responses were due on or before February 3, 2021. No word on the matter was received from Plaintiff Christian; and no discovery responses of any kind were served by her.

### B. Law & Argument

Plaintiff Christian's responses to Defendant Prime Recovery's discovery demands were due within 30 days of service. Since they were served on January 4,

2021, her responses were due on or before February 3, 2021.

Fed. R. Civ. P. 33(b) states in pertinent part:

> **"(2) Time to Respond.** The responding party must serve its answers and any objections within 30 days after being served with the interrogatories…
>
> **(3) Answering Each Interrogatory.** Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.
>
> **(4) Objections.** The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."

Similarly, regarding Defendant Prime Recovery's (*including separately Defendant La Gambina's*) Request for Production of Documents, Fed. R. Civ. P. 34(b) provides in pertinent part:

**"(2) Responses and Objections.**

> **(A)** Time to Respond. The party to whom the request is directed must respond in writing within 30 days after being served …
>
> **(B)** Responding to Each Item. For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons…
>
> **(C)** Objections. An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.
>
> **(D)** Responding to a Request for Production of Electronically Stored Information. The response may state an objection to a requested form for producing electronically stored information. If the responding party objects to a requested form – or if no form was specified in the request – the party must state the form or forms it intends to use.
>
> **(E)** Producing the Documents or Electronically Stored Information. Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:
>
>> (i)   A party must produce documents as they are kept in the usual

    course of business or must organize and label them to correspond to the categories in the request;

 (ii) If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and

 (iii) A party need not produce the same electronically stored information in more than one form."

While the rules described above govern the options regarding proper responses, here, Plaintiff Christian provided no responses at all. This required Defendant Prime Recovery to seek compliance from Plaintiff through Court Order.

In this regard, Fed. R. Civ. P. 37, entitled "**Failure to Make Disclosures or to Cooperate in Discovery; Sanctions**" provides in material part:

**"(a) Motion for an Order Compelling Disclosure or Discovery.**

(1) **In General.** Ton notice to the other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has  in good faith conferred or attempted to confer with the person or par failing to make disclosure or discovery in an effort to obtain it without court action.

(2) **Appropriate Court.** A motion for an order to a party must be made in the court where the action is pending.

(3) **Specific Motions.**

 **(B)**  To Compel a Discovery Response. A party seeking discovery may move for an order compelling an answer, designation, production , or inspection. This motion may be made if:

 (iii) a party fails to answer an interrogatory submitted under Rule 33; or
 (iv) a party fails to produce documents or fails to respond that inspection will be permitted – or fails to permit inspection- as requested under Rule 34.

(4) **Evasive or Incomplete Disclosure, Answer, or Response.** For purposes of this subdivision(a), an evasive or incomplete disclosure, answer, or response

7

must be treated as a failure to disclose, answer , or respond.

**(5)   Payment of Expenses; Protective Orders**. **Specific Motions.**

**(A)**  If the Motion is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted- of if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees. But the court must not order this payment if:

(i)      The movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
(ii)     The opposing party's nondisclosure, response, or objection was substantially justified; or

(iii)    other circumstances make an award of expenses unjust.

   Fed. R. Civ. P. 37(b) proceeds to identify various forms of relief to the movant party in the event the recalcitrant party fails to comply with a Court Order compelling discovery, including claim preclusion, striking of pleadings, and dismissal of an action.

   Moreover, Fed. R. Civ. P. 37 (d) additionally provides

**"(1)  In General.**

  (A) Motions; Grounds for Sanctions**.**  The court where the action is pending may, on motion, order sanctions if:

  (ii)  a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.

**(2)   Unacceptable Excuse for Failing to Act.** A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26 (c).

**(3)   Types of Sanctions.**  Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the

reasonable expenses, including attorney's fees, cause by the failure, unless the failure was substantially justified or other circumstance make an ware of expenses unjust."

Defendant Prime Recovery is entitled to discovery from Plaintiff Christian of relevant information bearing on her disputed claims. Defendants have received no responses from Plaintiff Christian to the several, pointed discovery demands.

Consequently, Defendants have been entirely and significantly prejudiced in their ability to properly prepare their defense to Plaintiff's claims of liability and damages at trial; and to evaluate the potential for dispositive motions against Plaintiff's claims; and/or to participate meaningfully in alternative dispute resolution procedures.

Therefore, Defendants, Prime Recovery, LLC and Anthony La Gambina, have been required to move this Honorable Court for the entry of an Order which compels Plaintiff, Tyronda Christian, to immediately serve complete and non-evasive discovery responses and disclosures.

Defendants further request an award of reasonable fees and costs associated with these proceedings, and any further relief to which they are found entitled in the event of Plaintiff's continuing failure or refusal to abide court rules governing discovery or this Court's Orders compelling discovery, including one or more of the sanctions permitted under Fec. R. Civ. P. 37(b)(2)(A)(i)-(vii),

                                                              Respectfully Submitted,

Dated: February 11, 2021            /s/ John M. Karafa
                                                                John M. Karafa
                                                                Attorney for Defendants Prime Recovery
                                                                and Anthony La Gambina

**CERTIFICATE OF SERVICE**

      **I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed on February 11, 2021 with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Phillip C. Rogers, Esq.
6140 28th Street SE, Suite 115
Grand Rapids, MI 49546
*Counsel for Plaintiff*
Service by CM/ECF

Tim P. Seeger, Esq.
Grewal Law, PLLC
801 Broadway NW, Suite 302
Grand Rapids, MI 49504
*Counsel for Joseph A. Bish and Anthony J. Bish*
Service by CM/ECF

Brendan H. Little, Esq.
Lippes Mathias Wexler Friedman, LLP
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
*Counsel for Diverse Funding Associates, LLC*
*and DNF Associates, LLC*
Service by CM/ECF

                                                Respectfully Submitted,

Dated: February 11, 2021                /s/ John M. Karafa
                                                John M. Karafa
                                                Attorney for Defendants Prime Recovery
                                                and Anthony La Gambina