# Exhibit 1

Interrogatories to Plaintiff with Proof of Service

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

### CASE NO. 1:20-CV-00566-PLM

TYRONDA CHRISTIAN,

    Plaintiff,

vs.

PRIME RECOVERY, LLC; ANTHONY LA GAMBINA, JR.; JOSEPH ANTHONY BISH; ANTHONY J. BISH; DIVERSE FUNDING ASSOCIATES, LLC; AND DNF ASSOCIATES, LLC

    Defendants.
_____/

### DEFENDANT, PRIME RECOVERY, LLC'S INTERROGATORIES TO PLAINTIFF

**COMES NOW**, Defendant, Prime Recovery, LLC ("Defendant"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 33, herewith serves upon Plaintiff, Tyronda Christian ("Plaintiff"), the following Interrogatories. Complete and sworn answers to these Interrogatories must be furnished within thirty (30) days of service.

### DEFINITIONS OF TERMS

1.    The term "Complaint" means the operative Complaint in the above-captioned action.

2.    The term "Prime Recovery" means Prime Recovery, LLC, including predecessors in interest, predecessor servicers, attorneys, agents and all other persons acting or purporting to act on behalf of the party or parties.

3.    "Plaintiff", "you" or your" means the responding party, including attorneys and all other persons acting or purporting to act on her behalf.

4.    The term "person" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, group of natural persons, or other entity.

5. The term "communication(s)" means every manner or means of disclosure, transfer or exchange of information, whether in person, by telephone, mail, personal delivery or otherwise.

6. Insofar as may be applicable, and except as otherwise indicated, the term "document" or "documents" shall refer to any written or graphic matter (and other means of preserving thought or expression) and recorded materials (as well as tangible things to which words or phrases are affixed or from which information can be processed or transcribed) whether handwritten, printed, typed, mimeographed, photocopied or otherwise reproduced, of any kind whatsoever, including the originals, rough drafts and all non-identical copies (whether different from the original by reason of any notation made on such copy or otherwise), that are or have been in the possession, control or custody of Plaintiff or of which Plaintiff has knowledge. The term "document" includes, but is not limited to, contracts, computer printouts, memoranda (interoffice or otherwise), notes, messages, letters or correspondence of any kind, telegrams, teletype, telefax, bulletins, meeting minutes or other memorialized communications, inter-office and intra-office telephone calls, logs, ledgers, accounting statements, diaries, diagrams, journals, chronological data, manuals, books of any nature or kind whatsoever, reports, studies, summaries, statements, surveys, pamphlets, bulletins, printed matter, graphs, charts, statistics, surveys, invoices, worksheets, receipts, returns, research materials, studies, statistical computations, computer printouts, card files, prospectuses, forms, schedules, affidavits, pamphlets, canceled checks, bank statements, transcripts, magazine or newspaper articles, releases, graphic or aural records or representations of any kind (including without limitation, drawings, pictures, maps, photographs, microfiche, microfilm, videotape, slide or motion pictures, television recordings) and electronic, mechanical, electric or digital records or representations of any kind (including without limitation, tapes, cassettes, discs, hard-drives and other methods of electronic recordation).

7. The term "all documents" means every document or group or documents as above defined that are known to you or that can be located or discovered by reasonably diligent efforts.

8. The term "relating to" or "relates to" means regarding, reflecting, discussing, describing, containing, identifying, analyzing, studying, reporting, commenting, evidencing, constituting, revealing, setting forth, considering, recommending, questioning, disputing contesting, correcting, construing, mentioning, associated with, referring to, alluding to, or pertaining to, in whole or in part.

9. The term "FDCPA" means the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

10. The term "MRCPA" means the Michigan Regulation of Collection Practices Act, MCL § 445.251 *et seq.*

11. The term "MOC" means the Michigan Occupational Code, MCL § 339.901 *et seq.*

12. The term "DPPA" means the Driver's Privacy Protection Act of 1994, 18 U.S.C. § 2721 *et seq.*

13. As used herein, the singular shall include the plural, the plural shall include the singular, and the masculine, feminine and neither shall include each of the genders.

14. The word "and" shall be construed to include the word "or", and the word "or" shall be construed to include the word "and".

15. The term "identify" when used in connection with a natural person means to set forth the full name, title, present business address and present business affiliation of said person.

16. The term "identify" when used in connection with a person which is a proprietorship, partnership, corporation, or other organization means to set forth the full name and present business address of that dealership, proprietorship, partnership, corporation, or other organization.

17. The term "identify" when used with reference to a document means to state the date and author (and, if different, the signer or signers), the addresses of the author(s), signer(s), or any individual(s) receiving copies, the type of document (e.g., letter, memorandum, chart), and its present or last known location or custodian.

18. The term "identify" when used with reference to an agreement, contract, understanding or communication means, in addition to Definition 10 above: (a) to state whether it was written or oral, to identify the parties thereto, the place where it was made or occurred, and the date or dates thereof; (b) to identify the parties thereto, the place where it was made or occurred, and the date or dates thereof; (c) to identify the persons who negotiated or had any role in suggesting, framing or drafting the terms of the agreement, contract or understanding or who participated therein; and (d) to state the substance of the communication, agreement, contract or understanding.

19. When requested to identify an incident, fact, circumstance or the factual basis for any answer, identify each occurrence, incident and fact upon which reliance will be based at any trial or hearing of this action to support such answer, including:

   (a) The date thereof.

   (b) The place thereof.

   (c) The substance and detail of each occurrence, incident or fact.

   (d) The identification of each person who participated or has knowledge thereof.

   (e) The source of your knowledge thereof.

   (f) The identification of any document supporting such answer.

20. All other terms used below shall share the meaning assigned to them by Webster's American English Dictionary.

## INSTRUCTIONS

1. With respect to each Interrogatory, in addition to supplying the information requested, you are to identify all documents that support, refer to, or evidence the subject matter of each Interrogatory and your answer thereto.

2. If any document is no longer in your possession, custody, or control because of destruction, loss, or any other reason, then do the following with respect to each and every document:

    i. Describe the nature of the document;

    ii. State the date of the document;

    iii. Identify the persons who sent and received the original and a copy of the document;

    iv. State in as much detail as possible the contents of the document; and

    v. State of the manner and date of disposition of the document.

3. If you contend that you are entitled to withhold from production any documents identified herein on the basis of the attorney-client privilege, the work product doctrine, or other ground, then do the following with respect to each and every document:

    i. Describe the nature of the document;

    ii. State the date of the document;

    iii. Identify the persons who sent and received the original and a copy of the document;

    iv. State the subject matter of the document; and

    v. State the basis upon which you contend you are entitled to withhold the document from production.

4. Each request is considered continuing to the extent permitted by Rule 26(e), Federal Rules of Civil Procedure, and if Plaintiff obtains information which renders their answers or one of them incomplete or inaccurate, Plaintiff is obligated to serve amended and/or supplemental responses upon Defendant.

## INTERROGATORIES

**Interrogatory No. 1.** Please identify the person or persons answering these interrogatories. Further, please identify all other persons providing information responsive to these interrogatories, including their title and work and home addresses (no home address required for counsel for Plaintiff).

**Interrogatory No. 2.** Please identify each and every telephone number that Plaintiff contends Prime Recovery contacted. In doing so, please identify the company who provided the cellular service, i.e. Verizon, Sprint, to Plaintiff for each telephone number provided and the subscriber of that telephone number.

**Interrogatory No. 3.** Please identify each and every letter or written communication Plaintiff sent to or received from Prime Recovery. In doing so, please identify the date of the communication, the method of communication (i.e. regular mail, electronic mail), and the subject matter of the communication.

**Interrogatory No. 4.** Please identify each and every telephone call Plaintiff received from Prime Recovery. In doing so, please provide the date, time, the telephone number Plaintiff received the call at, identify of the Prime Recovery employee and the subject matter of the telephone conversation.

**Interrogatory No. 5.** Please identify each and every telephone call Plaintiff made to Prime Recovery. In doing so, please provide the date, time, the telephone number used to contact Prime Recovery, the identity of the Prime Recovery employee Plaintiff spoke with, and the subject matter of the telephone conversation.

**Interrogatory No. 6.** Please identify any and all persons who have made telephone calls to Prime Recovery on Plaintiff's behalf. In doing so, please provide the date, time, identify of the Prime Recovery employee and the subject matter of the telephone conversation.

**Interrogatory No. 7.** Please identify the person or persons who called Prime Recovery on Plaintiff's behalf on June 11, 2020 and their legal relationship to the Plaintiff.

**Interrogatory No. 8.**     Please identify Plaintiff's factual basis that Prime Recovery is a "debt collector" as defined by the FDCPA, as alleged in Paragraph 7 of the Complaint.

**Interrogatory No. 9.**     Please identify Plaintiff's factual basis that Prime Recovery is a "regulated person" as defined by the MRCPA, as alleged in Paragraph 7 of the Complaint.

**Interrogatory No. 10.**     Please identify Plaintiff's factual basis that Prime Recovery is a "collection agency" and "licensee" as defined by the MOC, as alleged in Paragraph 7 of the Complaint.

**Interrogatory No. 11.**     Please identify Plaintiff's factual basis that Prime Recovery "conspired to use false representations and threats to coerce the payment of money from consumers across the country" as alleged in Paragraph 2 of the Complaint.

**Interrogatory No. 12.**     Please identify Plaintiff's factual basis that Prime Recovery "knowingly obtained, disclosed and used Ms. Christian's and her relatives' personal information, obtained from motor vehicle records, for a purpose not permitted under the DPPA, and with willful or reckless disregard for the law," as alleged in Paragraph 94 of the Complaint.

**Interrogatory No. 13.**     Please identify Plaintiff's factual basis that Prime Recovery violated the FDCPA, as alleged in Paragraph 103 of the Complaint.

**Interrogatory No. 14.**     Please identify Plaintiff's factual basis that Prime Recovery violated the DPPA, as alleged in Paragraph 105 of the Complaint.

**Interrogatory No. 15.**     Please identify Plaintiff's factual basis that Prime Recovery violated the MRCPA, as alleged in Paragraph 107 of the Complaint.

**Interrogatory No. 16.**     Please identify Plaintiff's factual basis that Prime Recovery violated the MOC, as alleged in Paragraph 109 of the Complaint.

**Interrogatory No. 17.**     Please identify, with specificity, Plaintiff's actual damages and all other damages alleged in the Complaint.

**Interrogatory No. 18.** Please identify all witnesses Plaintiff intends to rely on in this litigation or call at trial and subject matter of each witnesses' testimony.

**Interrogatory No. 19.** Please identify each and every exhibit Plaintiff intends to utilize in the subject litigation.

**Interrogatory No. 20.** Please identify and describe any treatment received by Plaintiff from a medical professional relating to Plaintiff's allegation that she suffered additional damages such as emotional stress, anxiety, mental anguish and suffering, as alleged in Paragraph 101 of the Complaint.

**Interrogatory No. 21.** Identify each document referred to or consulted by the below signor in aid of verifying any facts stated in answering these Interrogatories and discovery requests.

_____
Affiant

**BEFORE ME**, the undersigned authority, personally appeared

_____  _____, as  _____ of _____, and who executed the foregoing Answers to Interrogatories under oath, who stated that he/she is the person who executed the same and that, according to his/her best knowledge and belief, the answers are true and correct.

Sworn to and subscribed before me,

this _____ day of _____, 201__.

_____

Printed name _____

Notary Public, State of _____ at Large

My commission expires:

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 4, 2021, a true and correct copy of the foregoing was forwarded via e-mail (consumerlawyer@aol.com and RogersPhil@aol.com) to: Phillip C. Rogers, Esq., 6140 28th Street SE, Suite 115, Grand Rapids, MI 49546.

Respectfully submitted,

/s/ *Anthony C. Norman*
Anthony C. Norman, Esq.
Michigan Bar Number: P82632
Gravis Law, PLLC
*Counsel for Prime Recovery, LLC and Anthony La Gambina, Jr.*
5659 North Kraft Lake Dr. SE, Suite 3
Caledonia, MI 49316
Telephone: (616) 228-9261
E-Mail: anorman@gravislaw.com