# Exhibit 3

# Defendant Anthony La Gambina's Requests for Production of Documents to Plaintiff with Proof of Service

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CASE NO. 1:20-CV-00566-PLM

TYRONDA CHRISTIAN,

    Plaintiff,

vs.

PRIME RECOVERY, LLC; ANTHONY LA GAMBINA, JR.; JOSEPH ANTHONY BISH; ANTHONY J. BISH; DIVERSE FUNDING ASSOCIATES, LLC; AND DNF ASSOCIATES, LLC

    Defendants.
_____/

## DEFENDANT, ANTHONY LA GAMBINA, JR.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**COMES NOW**, Defendant, Anthony La Gambina, Jr. ("Defendant"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 34, herewith serves upon Plaintiff, Tyronda Christian ("Plaintiff"), this first Request for Production, and requests that Plaintiff produce the following documents and electronically stored information within 30 days from service.

### I.    DEFINITIONS OF TERMS

1. The term "Complaint" means the operative Complaint in the above-captioned action.

2. "Plaintiff', "you" or your" means the responding party, including attorneys and all other persons acting or purporting to act on its behalf.

3. The term "person" shall mean any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, group of natural persons, or other entity.

1

4.   "And" and "or" shall be construed disjunctively or conjunctively, as necessary, in order to bring within the scope of the request for production all responses which might otherwise be construed to be outside its scope.

5.   Insofar as may be applicable, and except as otherwise indicated, the term "document" or "documents" shall refer to any written or graphic matter (and other means of preserving thought or expression) and recorded materials (as well as tangible things to which words or phrases are affixed or from which information can be processed or transcribed) whether handwritten, printed, typed, mimeographed, photocopied or otherwise reproduced, of any kind whatsoever, <u>including the originals, rough drafts and all non-identical copies</u> (whether different from the original by reason of any notation made on such copy or otherwise), that are or have been in the possession, control or custody of Plaintiff or of which Plaintiff has knowledge. The term "document" includes, but is not limited to, contracts, computer printouts, memoranda (interoffice or otherwise), notes, messages, letters or correspondence of any kind, telegrams, teletype, telefax, bulletins, meeting minutes or other memorialized communications, inter-office and intra-office telephone calls, logs, ledgers, accounting statements, diaries, diagrams, journals, chronological data, manuals, books of any nature or kind whatsoever, reports, studies, summaries, statements, surveys, pamphlets, bulletins, printed matter, graphs, charts, statistics, surveys, invoices, worksheets, receipts, returns, research materials, studies, statistical computations, computer printouts, card files, prospectuses, forms, schedules, affidavits, pamphlets, canceled checks, bank statements, transcripts, magazine or newspaper articles, releases, graphic or aural records or representations of any kind (including without limitation, drawings, pictures, maps, photographs, microfiche, microfilm, videotape, slide or motion pictures, television recordings) and electronic, mechanical, electric or digital records or representations of any kind (including without limitation, tapes, cassettes, discs, hard-drives and other methods of electronic recordation).

6.   The term "communication(s)" means every manner or means of disclosure, transfer or exchange of information, whether in person, by telephone, mail, personal delivery or otherwise.

7.   The term "relating to" or "relates to" means regarding, reflecting, discussing, describing, containing, identifying, analyzing, studying, reporting, commenting, evidencing, constituting, revealing, setting forth, considering, recommending, questioning, disputing contesting, correcting, construing, mentioning, associated with, referring to, alluding to, or pertaining to, in whole or in part.

8.   The word "all" shall be construed to include the word "any", and the word "any" shall be construed to include the word "all".

9.   The term "FDCPA" means the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

10.   The term "MRCPA" means the Michigan Regulation of Collection Practices Act, MCL § 445.251 *et seq.*

11.   The term "MOC" means the Michigan Occupational Code, MCL § 339.901 *et seq.*

12. The term "DPPA" means the Driver's Privacy Protection Act of 1994, 18 U.S.C. § 2721 *et seq.*

13. As used herein, the singular shall include the plural, the plural shall include the singular, and the masculine, feminine and neither shall include each of the genders.

14. All other terms used below shall share the meaning assigned to them by Webster's American English Dictionary.

## II. INSTRUCTIONS

1. In answering the request for production of documents, please furnish all information in the possession of Plaintiff, her attorneys and her investigators.

2. Defendant acknowledges receipt of documents that were produced previously by the Plaintiff in this action. If any of the documents produced are responsive to the demands herein, the Plaintiff is not required to produce the same document again. However, the Plaintiff must identify that a responsive document was produced, and to which numbered demand it is responsive.

3. Defendant demands a list of any documents and/or things withheld under a claim of privilege, providing the date, author, title, and addressee of any document or thing withheld, the identity of any person or entity to whom any such document or thing has been supplied, and a disposition of any such thing or the subject matter of any such document.

4. Pursuant to Federal Rule for Civil Procedure 34 it is requested that the documents produced be organized and labeled so as to correspond with the categories of each request.

5. If Plaintiff cannot produce documents in full after exercising due diligence, produce the documents to the extent possible specifying your inability to produce the remainder and state whatever information or knowledge Plaintiff has concerning the unproduced portion.

6. Each request is considered continuing to the extent permitted by Rule 26(e), Federal Rules of Civil Procedure, and if Plaintiff obtains information which renders their answers or one of them incomplete or inaccurate, Plaintiff is obligated to serve amended and/or supplemental responses upon Defendant.

7. Documents that may be responsive to more than one request need not be submitted more than once; however, such documents should be so identified.

8. All headings herein are included only for organization purposes and should not be construed as being part of any request, or as limiting any request in any manner.

9. When producing the required documents, please produce all other documents that are clipped, stapled or otherwise attached to any requested document.

10. In the event such file(s) or documents(s) has (have) been removed, either for the purpose of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each sub-file, if any, maintained within the file, and the present location of the file.

### III. DOCUMENT REQUESTS

**Request No. 1.** All communication exchanged between Plaintiff, or anyone on her behalf, and Defendant, Anthony La Gambina, Jr.

**Request No. 2.** All communication sent and/or received by Plaintiff concerning the allegations in the Complaint.

**Request No. 3.** Any and all documents or information that demonstrates Anthony La Gambina, Jr. is a "debt collector" as defined in the FDCPA.

**Request No. 4.** Any and all documents or information that demonstrates Anthony La Gambina, Jr. is a "regulated person" as defined in the MRCPA.

**Request No. 5.** Any and all documents or information that demonstrates Anthony La Gambina, Jr. is a "collection agency" as defined in the MOC.

**Request No. 6.** Any and all documents or information that demonstrates Anthony La Gambina, Jr. is a "licensee" as defined in the MOC.

**Request No. 7.** Any and all documents or information that demonstrates Anthony La Gambina, Jr. was collecting on a debt as defined by the FDCPA § 1692a(5).

**Request No. 8.** Any and all documents or information that demonstrate Anthony La Gambina, Jr. violated the FDCPA, as alleged in Paragraph 103 of the Complaint.

**Request No. 9.** Any and all documents or information that demonstrate Anthony La Gambina, Jr. violated the DPPA, as alleged in Paragraph 105 of the Complaint.

**Request No. 10.** Any and all documents or information that demonstrate Anthony La Gambina, Jr. violated the MRCPA, as alleged in Paragraph 107 of the Complaint.

**Request No. 11.** Any and all documents or information that demonstrate Anthony La Gambina, Jr. violated the MOC, as alleged in Paragraph 109 of the Complaint.

**Request No. 12.** Any and all documents or information that demonstrate

Anthony La Gambina, Jr. "conspired to use false representations and threats to coerce the payment of money from consumers across the country," as alleged in Paragraph 2 of the Complaint.

**Request No. 13.** Any and all documents or information that demonstrate Anthony La Gambina, Jr. "knowingly obtained, disclosed and used Ms. Christian's and her relatives' personal information, obtained from motor vehicle records, for a purpose not permitted under the DPPA, and with willful or reckless disregard for the law," as alleged in Paragraph 94 of the Complaint.

**Request No. 14.** Any and all documents or information that demonstrates the amount of Plaintiff's actual damages, as alleged in the Complaint.

**Request No. 15.** Any and all documents or information that demonstrates Plaintiff suffered actual damages.

**Request No. 16.** Any and all documents or information demonstrating the Plaintiff received professional medical treatment relating to Plaintiff's allegations in the Complaint that she suffered damages such as emotional stress, anxiety, mental anguish and suffering.

**Request No. 17.** Any and all documents, which Plaintiff contends, is in any way relevant to claims made in the instant lawsuit.

**Request No. 18.** Any written or recorded statements obtained from witness or any other person related to the allegations set forth in the Complaint.

**Request No. 19.** All expert files, curricula vitae, reports and all related material you intend to use in this action.

**Request No. 20.** Copies of any document you may use to impeach the credibility of any of Defendant's proposed witnesses.

**Request No. 21.** All documents identified your Rule 26 disclosures or any supplements.

**Request No. 22.** If you seek to recover attorney's fees, all contracts and agreements between you and your counsel relating to counsel's representation of you in this matter.

**Request No. 23.** Any and all exhibits that Plaintiff will use at trial.

**Request No. 24.** Any and all documents or information on which Plaintiff relied to in response to Defendant's Interrogatories to Plaintiff.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 4, 2021, a true and correct copy of the foregoing was forwarded via e-mail (consumerlawyer@aol.com and RogersPhil@aol.com) to: Phillip C. Rogers, Esq., 6140 28th Street SE, Suite 115, Grand Rapids, MI 49546.

Respectfully submitted,

/s/ *Anthony C. Norman*
Anthony C. Norman, Esq.
Michigan Bar Number: P82632
Gravis Law, PLLC
*Counsel for Prime Recovery, LLC and Anthony La Gambina, Jr.*
5659 North Kraft Lake Dr. SE, Suite 3
Caledonia, MI 49316
Telephone: (616) 228-9261
E-Mail: anorman@gravislaw.com