UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONDA CHRISTIAN,

                   Plaintiff,

v.

PRIME RECOVERY LLC, et al.,

                   Defendants.

_____/

Case No. 1:20-cv-566

HON. PAUL L. MALONEY

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL DISCOVERY

**I.     Introduction:**

Defendants Prime Recovery LLC and Anthony La Gambina, Jr. have filed a motion to compel Plaintiff Tyronda Christian to respond to discovery that Defendants never served. Plaintiff requests the Court deny Defendants' motion and award Plaintiff costs and attorney fees incurred in responding to Defendants' spurious motion.

**II.    Procedural History**

On June 22, 2020, Plaintiff Tyronda Christian, through her attorney Phillip C. Rogers, commenced this lawsuit by filing a Complaint against defendants Prime Recovery LLC ("Prime"), Anthony La Gambina, Jr., and others, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, Driver's Privacy Protection Act of 1994 ("DPPA"), 18 U.S.C. § 2721 *et seq.,* and parallel Michigan law. (ECF No. 1).

On July 8, 2020, attorney Anthony Charles Norman with the law firm Gravis Law, PLLC filed his Appearance on behalf of Prime and Mr. La Gambina.

1

On August 5, 2020, attorney Norman filed an Answer for Prime and Mr. La Gambina. (ECF No. 16).

On September 4, 2020, the Court entered a Case Management Order, stating in pertinent part: "DISCOVERY: All discovery proceedings shall be completed no later than [March 5, 2021], and shall not continue beyond that date. All interrogatories, requests for admissions, and other written discovery requests must be served no later than [February 3, 2021]. . . . There shall be no deviations from this order without prior approval of the court upon good cause shown." (ECF No. 20).

On January 4, 2021, attorney Rogers received an email from attorney Norman, stating in full: "Good morning. Please see attached Defendant, Prime Recovery, LLC's First Set of Interrogatories and First Request for Production to Plaintiff and Defendant, Anthony La Gambina, Jr.'s First Set of Interrogatories and First Request for Production to Plaintiff. Thank you." A copy of the email is attached hereto as Exhibit A.

However, as established below, attorney Norman never served Plaintiff or attorney Rogers with *any* discovery in this action.

On January 22, 2021, attorney Norman filed a document captioned "Defendants' Notice of Change of Counsel," stating that attorney John M. Karafa with the law firm Gravis Law, PLLC would be replacing attorney Norman as attorney of record for Prime and Mr. La Gambina. (ECF No. 26).

On January 22, 2021, attorney John M. Karafa with the law firm Gravis Law, PLLC filed his Appearance on behalf of Prime and Mr. La Gambina.

On February 4, 2021, attorney Rogers received an email from attorney Karafa, with an

attached letter that stated in full: "Dear Mr. Rogers, As you know, I have replaced Attorney Anthony Norman as counsel for Defendants Prime Recovery, LLC and Anthony La Gambina. After a review of the file, I note that your discovery responses were due yesterday, February 3, 2021. Please advise if you client is planning on responding, to the discovery requests, non-evasively and completely, to avoid the necessity of a motion. Thank you for your consideration. Sincerely, John M. Karafa." (ECF No. 31-4, PageID.320).

On February 11, 2021, Prime and Mr. La Gambina filed a motion to compel Plaintiff to respond two sets of interrogatories and two sets of document production requests. (ECF No. 31). However, as established below, and despite attorney Karafa's false representations to the contrary, the discovery requests were never served on Plaintiff or attorney Rogers

## III.   Applicable Law

Fed.R.Civ.P. Rule 5(a)(1) states: "*In General.* Unless these rules provide otherwise, each of the following papers must be served on every party: (C) a discovery paper required to be served on a party, unless the court orders otherwise . . . ."

Fed.R.Civ.P. Rule 5(b)(1) states: "*Serving an Attorney.* If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party."

Fed.R.Civ.P. Rule 5(b)(2) states: "*Service in General.* A paper is served under this rule by:

      (A) handing it to the person;

      (B) leaving it [at the person's office or dwelling];

      (C) mailing it to the person's last known address – in which event service is

3

complete upon mailing;

(D) leaving it with the court clerk of the person has no known address;

(E) sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing – in either of which events service is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served; or

(F) delivering it by any other means that the person consented to in writing – in which event service is complete when the person making service delivers it to the agency designated to make delivery."

Service of discovery requests by email is allowed only if the person to be served gives express, written consent to service by email:

> UFI claims that, pursuant to Federal Rule of Civil Procedure 36(a)(3), the FD Defendants' failure to respond to the requests means that they have admitted them, and that their "admissions" require that I grant UFI's motion for summary judgment and find the FD Defendants liable for willful trademark infringement. The FD Defendants moved to withdraw these "admissions" at the same time they filed their cross-motion for summary judgment. The FD Defendants' motion is granted, because UFI did not properly serve the requests.

*      *      *

> UFI's requests to admit were not served by any of the means identified by Rule 5(b)(2)(A) through (D). Rather, UFI contends that it "served" the requests via electronic mail.

> But service via electronic mail is only appropriate if the person to be served in that manner "consented to it in writing." *Id.* 5(b)(2)(E). "Without this written consent, such attempted service shall be considered void." *Ortiz-Moss v. N.Y. City Dept. of Transp.,* 623 F.Supp.2d 404, 407 (S.D.N.Y.2008) (internal quotations and citation omitted). Furthermore, "Consent must be express, and cannot be implied from

4

conduct." *Wright-Jackson v. HIP Health Plan*, No. 07 CIV.1819(DFE), 2009 WL 1024244, at *7 (S.D.N.Y. Apr. 15, 2009) (quoting Advisory Committee Notes to Fed.R.Civ.P. 5, 2001 Amendments).

Here, it is undisputed that the FD Defendants did not consent *in writing* to accept service by electronic means. (Schurin Decl. in Supp. of Mot. to Withdraw Admissions ¶ 2.) Thus, the service was void, and no response was necessary. The FD Defendants' motion to withdraw the admissions is granted..

*Family Dollar Stores, Inc., v. United Fabrics International, Inc.,* 896 F.Supp.2d 223, 227-28

(S.D.N.Y. Sept. 11, 2012)*.*

W.D. Mich. LCivR 5.3(a) states: "<u>Filing of discovery materials</u> – (a) Interrogatories,

requests for production or inspection, requests for admissions, and responses and objections shall

be served upon other parties, but shall not be filed with the court. Only a proof of service shall be

filed with the court. . . ."

W.D. Mich. LCivR 5.2 states: "Proof of Service – Proof of service of all pleadings and

other papers required or permitted to be served shall be filed promptly after service . . . . Proof of

service shall state the date and manner of service. Proof of service is unnecessary for documents

filed and served electronically under LCivR 5.7(i)."

W.D. Mich. LCivR 5.7(i)(iv) states in pertinent part "Method of electronic service – At

the time a document is filed either electronically or by scanning paper submissions, the court's

system will generate an NEF, which will be transmitted by e-mail to the filer and all registered

attorneys who have appeared on that case. . . . Only service of the NEF by the court's system

constitutes electronic service; transmission of a document by one party to another by regular

e-mail does not constitute service."

## IV.    Argument

Defendants' motion to compel Plaintiff to respond to discovery must be denied because Defendants failed to serve any of the discovery requests on Plaintiff or Plaintiff's counsel.

On January 4, 2021, attorney Rogers received an email from attorney Norman, stating in full: "Good morning. Please see attached Defendant, Prime Recovery, LLC's First Set of Interrogatories and First Request for Production to Plaintiff and Defendant, Anthony La Gambina, Jr.'s First Set of Interrogatories and First Request for Production to Plaintiff. Thank you." (Declaration of Phillip C. Rogers, ¶ 2, attached as Exhibit B).

Attorney Rogers did not respond to the email and made the choice to wait until when attorney Norman properly served  Plaintiff with any discovery requests, pursuant to the Federal Rules of Civil Procedure and Local Rules, at which time attorney Rogers would calendar the due date for responding to any discovery requests received, and then take action to respond as appropriate. (Dec. Rogers, ¶ 3).

Attorney Norman never served Plaintiff with any discovery requests in this lawsuit. (Dec. Rogers, ¶ 4). Attorney Norman never filed any Proof of Service regarding service of any discovery requests on Plaintiff, consistent with attorney Norman not having served Plaintiff with any discovery requests in this lawsuit. (Dec. Rogers, ¶ 5). Over time, when attorney Norman failed to serve any discovery requests on Plaintiff, and with no proof of service ever filed, attorney Rogers concluded that attorney Norman had abandoned any effort to serve Plaintiff with discovery requests in this lawsuit. (Dec. Rogers, ¶ 6).

On February 4, 2021, attorney Rogers received an email from attorney John M. Karafa with the firm Gravis Law, PLLC, with an attached letter that stated: "After a review of the file, I

note that your discovery responses were due yesterday, February 3, 2021. Please advise if you

client is planning on responding, to the discovery requests, non-evasively and completely, to

avoid the necessity of a motion." Attorney Rogers knew the representations of attorney Karafa

were false because Plaintiff was never served with any discovery requests in this lawsuit.

Moreover, under the terms of the Court's Case Management Order, the time for attorney Karafa

to serve Plaintiff with discovery requests had already expired when attorney Rogers received the

email from attorney Karafa. (Dec. Rogers, ¶ 7).

Neither Plaintiff nor attorney Rogers have ever consented in writing (or otherwise) to

allow Defendants, attorney Norman, attorney Karafa, or anyone else, serve discovery or anything

else on Plaintiff or Plaintiff's attorney by email or any other electronic means, except as required

by local rule through the Court's electronic filing system. (Dec. Rogers, ¶ 8).

Moreover, neither Plaintiff nor attorney Rogers have ever consented in writing (or

otherwise) to allow attorney Norman to serve discovery on Plaintiff or Plaintiff's attorney via the

email that was received by attorney Rogers on January 4, 2021. (Dec. Rogers, ¶ 9).

Defendants in their Motion to Compel allege: "On January 4, 2021, Plaintiff Christian

was served [with Defendants' discovery requests]." (ECF No. 31, PageID.287-288). The

allegation is demonstrably false by Defendants' own filing, as shown in each so-called

"Certificate of Service" attached to Defendants' motion, which on their face state that the

putative discovery requests were merely emailed to attorney Rogers and never served, consistent

with the lack of any filed proof of service by Defendants in the matter. (ECF Nos. 31-1,

PageID.304; 31-2, PageID.311; 31-3, PageID.318). (Dec. Rogers, ¶ 10).

Defendants were required to serve any discovery requests on Plaintiff's attorney. Rule 5(b)(1). Defendants failed to serve any discovery on attorney Rogers by any of the available means set forth in Rule 5(b)(2)(A)-(F). In particular, the January 4, 2021 email from attorney Norman to attorney Rogers did not constitute service of any discovery requests because attorney Rogers did not consent in writing to accept service by email. Rule 5(b)(2)(E). "[T]ransmission of a document by one party to another by regular e-mail does not constitute service." LCivR 5.7(i)(iv). Moreover, if attorney Norman had actually intended to serve attorney Rogers with discovery requests by email, attorney Norman was required to file a proof of service "promptly after service" that "shall state the date and manner of service." LCivR 5.2. Attorney Norman failed to file any proof of service.

## V.    Conclusion

Defendants have file a motion to compel Plaintiff to respond to discovery requests that were never served. Clearly, Defendants' failure was not due to any clerical error or good faith mistake. Rather, Defendants' failure to properly serve any discovery was due to Defendants' attorneys' procrastination, possible ignorance, and objective failure to follow multiple court rules contained in the Federal Rules of Civil Procedure and Local Rules of this Court. Moreover, Defendants did not seek "prior approval of the court upon good cause shown" to extend the date for serving discovery as set forth in the Case Management Order. For all these reasons, Plaintiff requests that the Court deny Defendants' motion and award Plaintiff costs and attorney fees incurred in responding to Defendants' baseless motion.

8

Dated: February 25, 2021                    Respectfully submitted,

                                            /s/ Phillip C. Rogers
                                            Phillip C. Rogers (P34356)
                                            Attorney for Plaintiff
                                            6140 28th Street SE, Suite 115
                                            Grand Rapids, Michigan 49546
                                            (616) 776-1176
                                            consumerlawyer@aol.com