# Exhibit B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONDA CHRISTIAN,

    Plaintiff,

v.

PRIME RECOVERY LLC, et al.,

    Defendants.
_____/

Case No. 1:20-cv-566

HON. PAUL L. MALONEY

## DECLARATION OF PHILLIP C. ROGERS

Phillip C. Rogers declares under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. §1746, and upon personal knowledge, that the following statements are true and correct:

1. I am the attorney for Plaintiff Tyronda Christian in this lawsuit.

2. On January 4, 2021, I received an email from attorney Anthony Charles Norman with the firm Gravis Law, PLLC, stating in full: "Good morning. Please see attached Defendant, Prime Recovery, LLC's First Set of Interrogatories and First Request for Production to Plaintiff and Defendant, Anthony La Gambina, Jr.'s First Set of Interrogatories and First Request for Production to Plaintiff. Thank you."

3. I did not respond to the email and made the choice to wait until attorney Norman properly served me pursuant to the Federal Rules of Civil Procedure and Local Rules, with any discovery requests, at which time I would calendar the due date for responding to any discovery requests received, and then take action to respond as appropriate.

1

4. Neither Defendants nor attorney Norman ever served Plaintiff or me with any discovery requests in this lawsuit.

5. Neither Defendants nor attorney Norman ever filed any Proof of Service regarding service of any discovery requests on Plaintiff or me, consistent with neither Defendants nor attorney Norman ever having served Plaintiff or me with any discovery requests in this lawsuit.

6. Over time, when Defendants and attorney Norman failed to serve any discovery requests on Plaintiff or me, and with no proof of service ever filed, I concluded that Defendants and attorney Norman had abandoned any effort to serve Plaintiff with discovery requests in this lawsuit.

7. On February 4, 2021, I received an email from attorney John M. Karafa with the firm Gravis Law, PLLC, with an attached letter that stated: "After a review of the file, I note that your discovery responses were due yesterday, February 3, 2021. Please advise if you client is planning on responding, to the discovery requests, non-evasively and completely, to avoid the necessity of a motion." I knew the representations of attorney Karafa to be false because neither Plaintiff nor I had been served with any discovery requests in this lawsuit. Moreover, under the terms of the Court's Case Management Order, the time for attorney Karafa to serve Plaintiff with discovery requests had already expired when I received the email from attorney Karafa.

8. Neither Plaintiff nor I have ever consented in writing (or otherwise) to allow Defendants, attorney Norman, attorney Karafa, or anyone else, serve discovery or anything else on Plaintiff or Plaintiff's attorney by email or any other electronic means, except as required by local rule through the Court's electronic filing system.

9. Neither Plaintiff nor I have ever consented in writing (or otherwise) to allow Defendants or attorney Norman to serve discovery on Plaintiff or me via the email that was received by me on January 4, 2021.

10. Defendants in their Motion to Compel allege: "On January 4, 2021, Plaintiff Christian was served [with Defendants' discovery requests]." (ECF No. 31, PageID.287-288). The allegation is demonstrably false by Defendants' own filing, as shown in each so-called "Certificate of Service" attached to Defendants' motion, which each state that the putative discovery requests were merely emailed to Plaintiff's attorney, and accordingly never served, consistent with the lack of any filed proof of service by Defendants in the matter. (ECF Nos. 31-1, PageID.304; 31-2, PageID.311; 31-3, PageID.318).

Dated: February 25, 2021

/s/ Phillip C. Rogers
Phillip C. Rogers (P34356)
Attorney for Plaintiff
6140 28th Street S.E., Suite 115
Grand Rapids, Michigan 49546-6938
(616) 776-1176
ConsumerLawyer@aol.com