UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONDA CHRISTIAN,

    Plaintiff,

vs.

PRIME RECOVERY, LLC;
ANTHONY LA GAMBINA, JR.;
JOSEPH ANTHONY BISH; ANTHONY
J. BISH; DIVERSE FUNDING
ASSOCIATES, LLC.

    Defendants.

Case No. 1:20-cv-00566

HON. Paul L. Maloney
United States District Judge

## DEFENDANTS PRIME RECOVERY, LLC'S AND ANTHONY LA GAMBINA, JR'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY

Now come Defendants, Prime Recovery, LLC and Anthony La Gambina (collectively "Defendant Prime Recovery"), and reply to Plaintiff's Response in Opposition to Defendant's Motion to Compel Discovery, as follows:

### 1.    Plaintiff Christian Received Actual Service of Discovery Demands

In their motion to compel Defendants alleged that Plaintiff Christian was served with interrogatories and documents requests on January 4, 2021, which obligated Plaintiff to respond no later than February 3, 2021. (ECF No. 31, PageID.287-288, Motion).

Plaintiff Christian's Response in Opposition to Defendants' Motion acknowledges actual receipt of Defendants' counsel January 4, 2021, email which attached

"Defendant, Prime Recovery, LLC's First Set of Interrogatories and First Request for Production to Plaintiff and Defendant, Anthony La Gambina, Jr.'s First Set of Interrogatories and First Request for Production to Plaintiff." (ECF No. 37, PageID.330, Plaintiff's Response).

## 2. Plaintiff Christian Stated No Objection, No Reply to Courtesy Letter

Notwithstanding having received Defendant Prime Recovery's several and pointed discovery demands on January 4, 2021, Plaintiff Christian simply ignored them. Plaintiff gave no indication of an objection, and filed nothing with the court.

Rather, as Plaintiff's response explains, "Attorney Rogers did not respond to the email and made the choice to wait until when (sic) Attorney Norman properly served Plaintiff with any discovery requests…" (ECF No. 37, PageID.334, Plaintiff's Response).

Further, Plaintiff Christian also acknowledges having received Defendant Prime Recovery's subsequent counsel's February 4, 2021, correspondence also sent by electronic mail attachment, which noted the overdue status of Plaintiff's discovery responses and inquired whether Plaintiff was "*planning on responding, to the discovery requests, non-evasively and completely, to avoid the necessity of a motion.*" (ECF No. 37, PageID.330-331, Plaintiff's Response).

Plaintiff Christian likewise ignored this inquiry. In its response Plaintiff rationalized that "Attorney Rogers knew the representations of attorney Karafa were false because Plaintiff was never served with any discovery requests …"(ECF No. 37, PageID.335, Plaintiff's Response).

### 3. Discovery Was Sent to Plaintiff's Counsel's ECF Registered Address

There is no dispute that Plaintiff Christian actually received timely discovery demands. In fact, Defendant's discovery demands were sent to Plaintiff's counsel's registered electronic mail address, consumerlawyer@aol.com, utilized in accordance with the electronic case filing system ("ECF system") for the United States District Court, Western District of Michigan. W.D. Mich. LCivR. 5.7(a). (see for example, Plaintiff's counsel's signature line, Response to motion, ECF No. 37, PageID.337).

Plaintiff Christian utilized this electronic system primarily to communicate in the course of this case. For example, electronic exchanges facilitated prompt and reliable communications over preparation of the joint status report. (Exhibit 1- Email exchanges, redacted).

Further, Plaintiff Christian utilized this electronic system to "serve" her "Notice[s] of Intent To Serve Subpoena" on third parties, pursuant to Fed. R. Civ. P. 45(a)(1)(D)(4). (Exhibit 2- Email transmissions of Plaintiff's Notice of Intent regarding third party subpoenas to Empower Federal Credit Union, January 18, 2021; and to Vaspian, LLC, September 15, 2020). Identical notices were electronically transmitted by Plaintiff's counsel to counsel for Defendant Prime Recovery on September 15, 2020, regarding third party subpoenas to Niagra Falls Center for Tourism LLC; Matt Wolfe as officer of Tri-Main Development LLC et al; Trumbull Insurance Company; and on September 16, 2020, regarding third party subpoena to GKG.Net, Inc.

Therefore, Plaintiff Christian utilized and relied upon the electronic system to maintain reliable communications among and between the parties, and even to discharge obligations to serve notices under Rule 45.

3

Given this procedural history it is troubling that Plaintiff's counsel so unabashedly justifies his casual decision to ignore discovery requests and the letter of inquiry on the basis that they arguably suffered from a technically defective service under R. 5(b).

Rule 5 governs service among other things. It states, in part:

**"(b) Service: How Made.**

(1) **Serving an Attorney**. If a party is represented by an attorney, service under this rule must be made on the attorney …

(2) **Service in General.** A paper is served under this rule by:

    (A)    Handing it to the person;

    (B)    leaving it:

        (i) at the person's office …

        (ii) if the person has no office or the office is closed, at the person's dwelling …

    (C)    Mailing it to the person's last known address- in which event service is complete upon mailing;

    (D)    Leaving it with the court clerk if the person has no known address;

    (E)    Sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing- in either of which events service is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served; or

    (F)    Delivering it by any other means that the person consented to in writing – in which event service is complete when the person making service delivers it to the agency designated to make delivery."

To support its position Plaintiff Christian cites to the ruling in *Family Dollar Stores Inc v United Fabrics International, Inc.*, 896 F.Supp2d 223, a 2012 Federal Court

4

decision out of the Southern District of New York. In this patent infringement case Plaintiff Family Dollar Stores sought a ruling that Defendant United Fabrics International claimed copyrights were void, etc. The Defendant eventually moved for partial summary judgment , and Plaintiff cross moved.

The Defendant's summary judgment motion was based in significant part on facts which were alleged by defendant to have been admitted by plaintiff. Defendant alleged that it served plaintiff with requests for admissions pursuant to Rule 36 and that , in accordance with sub-part 36(a)(3), plaintiff's failure to respond effectively deemed the facts admitted, requiring that defendant's summary judgment motion be granted.

The court permitted the party to withdraw its admissions because it was undisputed that the party had not consented in writing to service via electronic mail. The court then went into the merits of the case in deciding the action. *Id.* at 227-228.

In the instant action, Defendant Prime Recovery has not attempted to foreclose plaintiff's case on the basis of default provisions of the rules governing requests for admissions.

On the contrary, by sending electronically interrogatories and documents requests, Defendant attempted in good faith to give the Plaintiff prompt and effective notice and service of the discovery demands. This was successful, as plaintiff admits receipt. Defendant's discovery was tailored to narrow the issues. Moreover, it gave plaintiff an opportunity to disclose the evidential support for her purported causes of action.

The service rules are designed to ensure that a party actually receives notice of the served document. Electronic service is doubtless more direct, efficient, and timely

than ordinary mail. Electronic receipt follows by moments the transmission of the documents, while ordinary mail may take days, even though "service is complete upon mailing." Rule 5(b)(2)(C).

In any event, actual receipt is undisputed. Plaintiff acknowledges receiving them on January 4, 2021. The parties had engaged in electronic mail exchanges throughout the action for purposes of nearly all communications.

Plaintiff never informed, by way of objection or otherwise, that it was not accepting electronic service of discovery demands. Moreover, in the course of the case Plaintiff even served its own Rule 45 notices of intent to serve third party subpoenas exclusively by email.

Given all these circumstances, it is disingenuous for Plaintiff to argue that its counsel "concluded that Attorney Norman had abandoned any effort to serve Plaintiff with discovery requests in this lawsuit." (ECF No. 37, PageID.334, Plaintiff's Response).

### 4. Defendant Prime Recovery Requests Amendments to the CMO

The Case Management Order ("CMO") governing this action was filed September 4, 2020. Of relevance to Defendant's instant motion, it provides:

- Completion of Discovery: March 5, 2021;
- ADR To Take Place On Or Before: March 31, 2021;
- Dispositive Motions: April 30, 2021;
- Settlement Conference: October 5, 2021,
- Final Pretrial Conference: November 8, 2021."

(ECF No. 20, PageID.196-197).

Defendant Prime Recovery's January 4, 2021, electronic service of Interrogatories and Documents Requests was well within the discovery time frame under the Court's CMO. Plaintiff should have provided proper and complete responses, in the spirit of discovery, to narrow the issues, and to prepare the case for efforts at pretrial resolution in one of several ways.

As it is, Defendant Prime Recovery has been deprived of evidence to which it is entitled for purposes of ADR, summary judgment proceedings, settlement conferences, and ultimately trial.

Therefore, Defendant Prime Recovery respectfully submits that, in conjunction with an order requiring Plaintiff Christian to respond completely and non-evasively to the interrogatories and documents requests served on January 4, 2021, that this Honorable Court also find good cause to amend the CMO, at least with regard to ADR and Dispositive Motions. This is necessary to permit Defendant Prime Recovery an opportunity to review and evaluate Plaintiff's evidence, and to responsibly and effectively prepare its defenses.

WHEREFORE, Defendants, Prime Recovery, LLC and Anthony La Gambina, move this Honorable Court for the entry of an Order which compels Plaintiff, Tyronda Christian, to immediately serve complete and non-evasive discovery responses and disclosures; which awards Defendant Prime Recovery's fees and costs associated with these proceedings; and which ultimately grants to Defendants any further relief to which they are found entitled in the event of Plaintiff's continuing failure or refusal to abide court rules governing discovery or this Court's Orders compelling discovery, including one or more of the sanctions permitted under Fec. R. Civ. P. 37(b)(2)(A)(i)-

7

(vii), and which amends the Case Management Order as needed to enable Defendants to responsibly and effectively advance its position in defense of this disputed action.

Respectfully Submitted,

Dated: March 5, 2021

/s/ John M. Karafa
Gravis Law, PLLC, by,
John M. Karafa
Attorney for Defendants Prime Recovery
and Anthony La Gambina

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed on March 5, 2021 with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Phillip C. Rogers, Esq.
6140 28th Street SE, Suite 115
Grand Rapids, MI 49546
*Counsel for Plaintiff*
Service by CM/ECF

Tim P. Seeger, Esq.
Grewal Law, PLLC
801 Broadway NW, Suite 302
Grand Rapids, MI 49504
*Counsel for Joseph A. Bish and Anthony J. Bish*
Service by CM/ECF

Brendan H. Little, Esq.
Lippes Mathias Wexler Friedman, LLP
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
*Counsel for Diverse Funding Associates, LLC and DNF Associates, LLC*
Service by CM/ECF

Respectfully Submitted,

Dated: March 5, 2021

/s/ John M. Karafa
John M. Karafa
Attorney for Defendants Prime Recovery and Anthony La Gambina